Edward F. Trego, Trustee, Appellee, v. Estate of
James A. Cunningham, Deceased, Appellant.

(Not to be reported in full.)

Appeal from the Circuit Court of Vermilion county; the Hon.
JOHN H. MARSHALL, Judge, presiding. Heard in this court at the
April term, 1916. Affirmed. Opinion filed April 16, 1917. *Certio-
rari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Claim by Edward F. Trego, trustee, for the use of
William Moore and the estate of A. H. Trego, de-
ceased, claimant, against the estate of James A. Cun-
ningham, deceased, defendant, for contribution to ap-
proximately $300,000 claimed to have been paid by
William Moore and A. H. Trego in liquidation of cer-
tain notes on which they and James A. Cunningham
and others were indorsers. From a judgment for
claimant for $113,490.67, defendant estate appeals.

For decisions on a former appeal, see *Trego v. Cun-
ningham's Estate,* 267 Ill. 367, rev'g 188 Ill. App. 70.

DYER & DYER, LINDLEY, PENWELL & LINDLEY, W. M.
ACTON and REARICK & MEEKS, for appellant.

H. M. STEELY, J. B. MANN and H. M. STEELY, JR., for
appellee.

MR. JUSTICE GRAVES delivered the opinion of the
court.

## Abstract of the Decision.

1. EXECUTORS AND ADMINISTRATORS, § 237*—*when claim not pre-
maturely filed or contingent.* Where the maker and three out of
six joint indorsers of certain notes were insolvent, and two of the
others paid such notes partly by cash and partly by new notes
given subsequently to the death of the third solvent indorser, and
filed a claim against the latter's estate within one year after let-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

Trego v. Estate of Cunningham, 205 Ill. App. 25.

ters of administration were issued therein for contribution to such payments made on their joint obligation, *held* that such claim would not be subject to objection that it was prematurely filed, or contingent or payable only out of subsequently discovered assets.

2. EXECUTORS AND ADMINISTRATORS, § 264*—*when written pleadings unnecessary.* In a suit to compel contribution by the estate under a joint obligation of the decedent and the claimant originally begun by filing a claim in the Probate Court, no written pleadings would be necessary to present questions as to the premature filing of the claim or its contingent character, or that it was only payable out of subsequently discovered assets.

3. EXECUTORS AND ADMINISTRATORS, § 101*—*when duty of executors to make defense to a claim.* It is the duty of executors of an estate to make defense to a claim against the estate as to its premature filing or contingent character, or that it is payable out of subsequently discovered assets at the first trial in the Probate Court and in all courts through which the case may pass.

4. APPEAL AND ERROR, § 1725*—*when decision on former appeal res judicata.* The holding by the Supreme Court on appeal from a judgment on a former trial that certain claims presented in the Probate Court which were objected to on a second trial as being prematurely filed should be allowed, and certain other claims could be allowed if certain facts not involving the time of their presentation were shown, *held* to be *res judicata* that such claims were duly and timely filed, on appeal from a judgment on such second trial.

5. JUDGMENT, § 442*—*what doctrine of res judicata embraces.* The doctrine of *res judicata* embraces not only what has been actually determined in the former suit but extends to any other matter which might have been raised and determined in it.

6. CONTRIBUTION, § 1*—*when joint indorsers liable to contribute to payment of note.* The liability of joint indorsers on a note to contribute to payment of the note made by part of them, *held* not to be affected by the fact such note was not by its terms due at a time certain and was not negotiable where such indorsers were original joint obligors.

7. CONTRIBUTION—*when evidence of indebtedness to corporation of joint obligors on note of corporation inadmissible.* Where two of three joint obligors and indorsers on the note of a certain corporation filed a claim against the estate of the third joint obligor to compel contribution to a payment made by such two joint obligors of such note, evidence that the latter were indebted to the corporation for unpaid subscriptions and for money borrowed, *held* inadmissible.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.